**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| Ole W., ) <br> ) <br>     *Plaintiff*, ) <br> ) <br>     v. ) <br> ) <br> Kilolo Kijakazi, ) <br> Acting Commissioner of Social Security,[1] ) <br> ) <br>     *Defendant*. ) | Case No. 3:21-cv-50032 <br><br> Magistrate Judge Lisa A. Jensen |

## MEMORANDUM OPINION AND ORDER

Plaintiff Ole W. brings this action under 42 U.S.C. § 405(g) seeking reversal or a remand of the decision denying him disability insurance benefits.[2] For the reasons set forth below, the Commissioner's decision is affirmed.

### I. Background

In September 2015, Plaintiff filed an application for disability insurance benefits alleging a disability beginning on April 10, 2015 based on chronic fatigue, asthma, foot neuropathy, low thyroid, and high blood pressure. R. 153-54. He also suffered from joint disease in his knees and right shoulder, among other conditions. Plaintiff was 58 years old at the time he filed his application, and his date last insured was December 31, 2020. R. 25.

Plaintiff last worked as a production scheduler in the manufacturing industry, working 10 to 13 hours per day. R. 676. However, in November 2014, Plaintiff was hospitalized for a viral infection that caused inflammation of his heart along with bronchitis, which resulted in "significant

---

[1] Kilolo Kijakazi has been substituted for Andrew Marshall Saul. Fed. R. Civ. P. 25(d).
[2] The parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings pursuant to 28 U.S.C. § 636(c).

1

fatigue throughout his whole body." R. 676. After approximately three weeks, Plaintiff attempted to return to work. However, Plaintiff reported that fatigue and exhaustion prevented him from performing the demands of his job, which was at the sedentary exertion level. R. 676. Plaintiff was later diagnosed with chronic fatigue syndrome in 2015. R. 588-89, 676, 695. Although Plaintiff sought treatment with multiple medical providers, he continued to complain of ongoing severe fatigue, difficulty breathing, and an inability to work full time. *See, e.g.*, R. 695, 676, 697, 971, 1054, 1604, 2058.

Following a hearing, an administrative law judge ("ALJ") issued a decision in January 2018, finding that Plaintiff was not disabled and that he could perform sedentary work with certain restrictions, including his past relevant work as a production scheduler. R. 185-203. Plaintiff appealed, and the Appeals Council vacated the ALJ's decision. R. 213-14. The Appeals Council found that the ALJ did not adequately evaluate Plaintiff's manipulative abilities and remanded for further consideration of Plaintiff's maximum residual functional capacity ("RFC"). The Appeals Council ordered the ALJ to:

> Give further consideration to the claimant's maximum residual functional capacity during the entire period at issue and provide rationale with specific references to evidence of record in support of assessed limitations (Social Security Ruling 96-8p). In so doing, evaluate the treating and nontreating source opinions pursuant to the provisions of 20 CFR 404.1527 and nonexamining source opinions in accordance with the provisions of 20 CFR 404.1527, and explain the weight given to such opinion evidence. As appropriate, the Administrative Law Judge may request the treating and nontreating sources to provide additional evidence and/or further clarification of the opinions and medical source statements about what the claimant can still do despite the impairments (20 CFR 404.1520b). The Administrative Law Judge may enlist the aid and cooperation of the claimant's representative in developing evidence from the claimant's treating sources.

R. 214.

Following remand, Plaintiff underwent a consultative examination by Dr. James Elmes in August 2019 to evaluate his shoulder and foot pain. R. 1615-1634. Dr. Elmes found that Plaintiff

could sit for 7 hours total in an 8-hour workday but could only stand and walk for an hour. R. 1625. In January 2020, the same ALJ that issued the first decision held a second administrative hearing. R. 58-104. The ALJ called Dr. Ronald Kendrick, an orthopedic surgeon, to testify at the hearing. Dr. Kendrick identified Plaintiff's impairments, including chronic fatigue syndrome, and opined that Plaintiff could perform sedentary work. However, Dr. Kendrick acknowledged that he was unfamiliar with chronic fatigue syndrome. Plaintiff's counsel requested a hearing with a rheumatologist, but the ALJ denied that request noting that the medical expert was called to opine on manipulative limitations as ordered by the Appeals Council. R. 70. Plaintiff also testified, and his testimony focused on his disabling fatigue. Following the hearing, the ALJ submitted interrogatories to Dr. Sai R. Nimmagadda, who was board certified in allergy and immunology. R. 2600. Dr. Nimmagadda summarized the medical evidence and concluded that based on the evidence Plaintiff was limited to sedentary work due to "fatigue and ongoing [symptoms]." R. 2620.

In September 2020, the ALJ issued a second decision again finding that Plaintiff was not disabled. R. 24-46. The ALJ found that Plaintiff had the following severe impairments: asthma, bilateral degenerative joint disease of the bilateral knees and right shoulder degenerative joint disease. The ALJ specifically acknowledged that in her prior decision she found Plaintiff's chronic fatigue syndrome a severe impairment, but that Drs. Nimmagadda and Kendrick did not identify chronic fatigue syndrome as a medically determinable impairment. R. 27. The ALJ determined that Plaintiff's impairments did not meet or medically equal a listed impairment. The ALJ concluded that Plaintiff had a nearly identical RFC to the one outlined in the previous decision, namely that Plaintiff could perform sedentary work with certain restrictions, including his past relevant work as a production scheduler.

3

Plaintiff appeals the ALJ's decision arguing that the ALJ erred in evaluating his chronic fatigue syndrome and rejecting the opinions of his treating physicians. Therefore, this Court will focus on the evidence relevant to the ALJ's evaluation of these issues in the discussion below.

## II. Standard of Review

A reviewing court may enter judgment "affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). If supported by substantial evidence, the Commissioner's factual findings are conclusive. *Id.* Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). "An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions." *Butler v. Kijakazi*, 4 F.4th 498, 501 (7th Cir. 2021) (citations omitted). The reviewing court may not "reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute [its] judgment for the ALJ's determination so long as substantial evidence supports it." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021).

## III. Discussion

Plaintiff argues that the ALJ erred in: 1) finding that his chronic fatigue syndrome was not a medically determinable severe impairment at step two; and 2) rejecting the opinions of his treating physicians. For the reasons discussed below, the Court believes that a remand is not warranted.

### A. Step Two Analysis

Plaintiff first argues that the ALJ erroneously omitted chronic fatigue syndrome from Plaintiff's list of medically determinable severe impairments. At step two of the sequential analysis

4

the ALJ is required to determine whether the claimant has an impairment or combination of impairments that is "severe." 20 C.F.R. § 404.1520(a)(4)(ii). A "severe" impairment is an impairment or combination of impairments that "significantly limits [one's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). The burden is on the claimant to prove that an impairment is severe. *Zurawski v. Halter*, 245 F.3d 881, 885-86 (7th Cir. 2001).

The Commissioner argues that it was only necessary for the ALJ to find one severe impairment before proceeding with the sequential analysis. The Commissioner is correct. "As long as the ALJ determines that the claimant has one severe impairment, the ALJ will proceed to the remaining steps of the evaluation process." *Castile v. Astrue*, 617 F.3d 923, 926-27 (7th Cir. 2010). This step two determination of severity is "merely a threshold requirement." *Hickman v. Apfel*, 187 F.3d 683, 688 (7th Cir. 1999). Here, the ALJ found the following severe impairments: asthma, bilateral degenerative joint disease of the bilateral knees and right shoulder degenerative joint disease. R. 27. The ALJ met this threshold requirement by finding at least one severe impairment and moved on to the next step.

Nevertheless, Plaintiff argues that the ALJ erred at step two when she failed to find chronic fatigue syndrome as a severe impairment because the ALJ found Plaintiff's chronic fatigue syndrome to be severe in a prior decision. The Commissioner argues that the ALJ fully explained that the prior decision was vacated and remanded and therefore she did a careful review of each impairment, individually and in combination, and updated her findings regarding which impairments were severe based on the record. Def.'s Resp. at 5-6, Dkt. 20. The Commissioner also cites to *Jennifer C. v. Saul*, No. 18 C 1243, 2019 WL 4345344, at *6-7 (N.D. Ill. Sept. 12, 2019) for the proposition that it is not error for an ALJ to find an impairment not severe on remand after it was previously found severe in a prior decision. Plaintiff makes no response to these arguments

5

in her reply brief and therefore the Court deems Plaintiff's argument forfeited. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) (explaining that failing to respond to an argument in a response brief results in waiver).

Regardless, even if the ALJ erred at step two by finding that Plaintiff's chronic fatigue syndrome was not a severe impairment, any error is harmless so long as the ALJ goes on to address the impact of a claimant's severe and non-severe impairments. *See*, *e.g.*, *Dorothy* v. *Berryhill*, No. 18 CV 50017, 2019 WL 2325998, at *2 (N.D. Ill. May 31, 2019). The ALJ did so here regarding Plaintiff's chronic fatigue. As the Commissioner correctly points out, the ALJ included limitations in Plaintiff's RFC to account for Plaintiff's complaints of fatigue. The ALJ specifically stated: "Considering the claimant's fatigue, mild knee pain, history of low back, history of foot pain, and obesity, the undersigned feels sedentary work is appropriate." R. 42. The ALJ also thoroughly evaluated the medical records and stated multiple times in her decision that she considered all of Plaintiff's impairments, including non-severe impairments, when determining the RFC. *See* R. 35, 36. Plaintiff cites no contrary evidence and offers no response to the Commissioner's argument in his reply. For all the above reasons, the Court finds that Plaintiff has identified no error at step two of the ALJ's analysis that would require remand.

**B. Treating Physician Opinions**

Next, Plaintiff argues that the ALJ erred in rejecting the opinions of his treating physicians. Plaintiff disagrees with the ALJ's decision to afford little weight to the opinions of Dr. Paul Nguyen (cardiologist), Dr. Jason Popp (primary care physician), and Dr. Ibrahim Alghafeer (rheumatologist) all of whom provided opinions that Plaintiff was unable to work full time due to his fatigue and inability to recover his energy.

6

Because Plaintiff's claim was filed in 2015, Plaintiff points out that the ALJ was required to give his treating physician opinions controlling weight.[3] A treating physician's opinion is entitled to controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and if it is "not inconsistent with the other substantial evidence in the case." *Scott v. Astrue*, 647 F.3d 734, 739 (7th Cir. 2011). If an ALJ does not give a treating source's opinion controlling weight, the ALJ must consider the length, nature, and extent of the treatment relationship, frequency of examination, the physician's specialty, the types of tests performed, and the consistency and supportability of the physician's opinion. 20 C.F.R. § 404.1527(c).

At the outset, the Court notes that Plaintiff devotes a total of three paragraphs to this argument. Plaintiff does not make any arguments about the ALJ's weighing of the above factors or offer support for assigning greater weight to her treaters' opinions. Plaintiff states only that the ALJ incorrectly determined that physical findings are required to gauge the severity of chronic fatigue syndrome and that this was not a sufficient reason to reject his treating physicians' opinions. Plaintiff's only support for this argument is one citation to a case from the District of Oregon where the court found an ALJ's reliance on limited examinations of the plaintiff insufficient to reject a doctor's opinion on chronic fatigue syndrome. Such a conclusory and undeveloped argument is deemed forfeited because it is not for this Court to develop Plaintiff's

---

[3] The Social Security Administration recently modified the treating physician rule to eliminate the "controlling weight" instruction. *See* 20 C.F.R. § 404.1520c ("We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) . . ., including those from your medical sources."). However, the new regulations apply only to disability applications filed on or after March 27, 2017. *Compare* 20 C.F.R. § 404.1527 ("For claims filed (see § 404.614) before March 27, 2017, the rules in this section apply.") *with* 20 C.F.R. § 404.1520c ("For claims filed (see § 404.614) on or after March 27, 2017, the rules in this section apply."). Plaintiff's application in this case was filed in 2015. Accordingly, the ALJ was required to apply the treating physician rule when deciding Plaintiff's application.

arguments or comb through the record to find support. *See Gross v. Town of Cicero*, Ill., 619 F.3d 697, 704 (7th Cir. 2010) (explaining that it is not the court's "responsibility to research and construct the parties' arguments") (internal quotations omitted); *Crespo v. Colvin*, 824 F.3d 667, 674 (7th Cir. 2016) (finding perfunctory and undeveloped arguments forfeited).

Even considering Plaintiff's argument, the only case Plaintiff relies on, *Deanna S. v. Comm'r, Soc. Sec. Admin.*, 474 F. Supp. 3d 1137 (D. Or. 2020), does not support his position. Although the court found that the ALJ's reliance on limited examinations of the plaintiff was not a specific and legitimate reason to reject a treater's opinion, it did so because the doctor "supported her opinion with a detailed explanation and references to objective clinical findings in Plaintiff's medical record." *Deanna S.*, 474 F. Supp. 3d at 1145. Here, the ALJ rejected Plaintiff's treaters' opinions because they failed to cite to objective medical evidence. Plaintiff offers no contrary evidence in support. Although Plaintiff argues at length that no physical findings are required to find chronic fatigue to be a severe impairment, Plaintiff provides no authority to find that the ALJ erred in considering the lack of objective evidence in discrediting a treater's opinion. The Seventh Circuit has made clear that that the role of a reviewing court is to review the ALJ's weighing of medical opinions for substantial evidence, which are only to be overturned if no reasonable mind could accept the ALJ's conclusion. *See Grotts v. Kijakazi*, 27 F.4th 1273, 1278 (7th Cir. 2022); *Anders v. Saul*, 860 Fed. App'x 428, 432 (7th Cir. 2021) (unpublished) ("[I]t is not our place to reweigh the evidence or substitute our judgment for that of the ALJ's.").

Here, the ALJ gave adequate reasons for finding Plaintiff's treaters' opinions unpersuasive. In addition to the lack of objective evidence to support the treaters' opinions, the ALJ also rejected these opinions because they were not consistent with the evidence in the record. The ALJ acknowledged that Plaintiff demonstrated some abnormalities on examination and objective

8

testing, but the record consistently demonstrated that Plaintiff had full strength, normal range of motion, no joint enlargement or tenderness, and unlabored respirations. Plaintiff offers no argument to rebut the ALJ's findings. The ALJ further found that few if any medical examinations observed Plaintiff to appear fatigued. Plaintiff makes one conclusory statement that he "did have fatigue on examination." Pl.'s Br. at 12, Dkt. 17. However, Plaintiff cites no records in support and this Court will not "scour through the record to try and find treatment notes that back up Plaintiff's argument." *See Jennifer C.*, 2019 WL 4345344, at *4. Regardless, even if Plaintiff provided a record citation, the ALJ acknowledged that there may have been some examinations showing fatigue, but the majority did not, and such was a sufficient reason to discount the opinions.

The ALJ also discounted the opinions because they relied mainly on Plaintiff's subjective allegations about her functional abilities and not medical examination findings. The ALJ discredited the extent of Plaintiff's subjective symptoms, finding that Plaintiff's fatigue was managed conservatively with the same dose of Cymbalta since October 2015, and based on Plaintiff's conflicting reports about his fatigue. For example, Plaintiff reported disabling fatigue to his rheumatologist, but he reported to his cardiologist that his fatigue was stable. Additionally, Plaintiff's reports of disabling fatigue conflicted with the records showing Plaintiff's regular vacations to Mexico, his ability to drive, shop, do yard work, and exercise regularly. *See Britt v. Berryhill*, 889 F.3d 422, 426 (7th Cir. 2018) ("An ALJ can give less than controlling weight to medical opinions based on subjective reports and can even reject a doctor's opinion entirely if it appears based on a claimant's exaggerated subjective allegations."). Plaintiff makes no attempt to address the ALJ's specific reasons for discounting each of his treaters' opinions. Accordingly, the Court finds that the ALJ provided substantial evidence to support her assessment of Plaintiff's treating physicians' opinions.

Plaintiff also appears to take issue with the ALJ's reliance on Dr. Kendrick and Dr. Nimmagadda's opinions in support of her decision to find Plaintiff capable of sedentary work. But again, Plaintiff's discussion of these opinions is undeveloped and unclear. Plaintiff argues that both Dr. Kendrick and Dr. Nimmagadda's opinions support a finding that Plaintiff's chronic fatigue syndrome was a severe impairment at step two. Yet, Plaintiff admits that Dr. Kendrick admitted he was unfamiliar with chronic fatigue syndrome and offered no opinion as to Plaintiff's limitations based on this impairment. As for Dr. Nimmagadda, Plaintiff points out that he found that Plaintiff had some positive findings on examination. However, Plaintiff offers no reason why some positive findings would require a finding that Plaintiff could not perform sedentary work. Plaintiff also appears to take issue with Dr. Nimmagadda's background in immunology by cursorily mentioning that the ALJ failed to call a rheumatologist on remand to opine on Plaintiff's chronic fatigue syndrome. However, Plaintiff offers no reason why Dr. Nimmagadda, who was certified in immunology, was insufficient to evaluate Plaintiff's impairments. This is especially true where Plaintiff testified that he thought his fatigue was related to his immune system. R. 140.

Overall, Plaintiff's arguments for remand are conclusory and undeveloped. The record is lengthy and the ALJ provided a detailed and thorough discussion of the evidence and the opinions in the record. Plaintiff has not shown that the ALJ ignored an entire line of evidence but instead asks this Court to reweigh the evidence. For these reasons, the Court finds that the ALJ's assessment of the medical opinions is supported by substantial evidence.

## IV. Conclusion

For the foregoing reasons, Plaintiff's motion for summary judgment is denied, and the Commissioner's motion is granted. The decision of the Commissioner is affirmed.

Date: June 22, 2022            By:    *Lisa A. Jensen*
                                               Lisa A. Jensen
                                               United States Magistrate Judge